IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

GAYLE ANN DIAMA,                                        Case No. 6:25-cv-02306-MC

        Plaintiff,                                       OPINION AND ORDER

        v.

ADDICTION COUNSELING AND
EDUCATION SERVICES, INC.
*doing business as* EMERGENCE
ADDICTION AND BEHAVIORAL
THERAPIES,

        Defendants.

_____

MCSHANE, Judge:

Plaintiff Gayle Diama, proceeding pro se and *in forma pauperis*, brings claims of employment discrimination and retaliation under 42 U.S.C. § 2000e-3(a) and Or. Rev. Stat. § 659A.199 against Defendant Addiction Counseling and Education Services, Inc. ("Emergence") in her First Amended Complaint. Am. Compl. ("FAC"), ECF No. 8. The Court twice screened Plaintiff's pleadings pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF No. 4, 13. Defendant now moves to dismiss the surviving claims as alleged in the First Amended Complaint. Mot., ECF No. 21.

Because the Motion fails to identify deficiencies that require dismissal, Defendant's Motion to Dismiss for Failure to State a Claim is DENIED.

1 – OPINION AND ORDER

**BACKGROUND**

Plaintiff alleges that she was employed full-time by Defendant as a professional IPV (domestic violence)/Batterer Intervention Program facilitator and that she was unlawfully terminated on July 22, 2024. FAC ¶ 10.10. Plaintiff alleges she was terminated after she made internal reports and complaints of what she believed to be regulatory and ethical violations occurring in the Batterers' Intervention Program and related operations. *See id.* ¶¶ 12.1–12.12. Plaintiff's claims her termination and other adverse actions against her by Defendant were done in retaliation for her "protected whistleblower activity." *Id.*

**LEGAL STANDARD**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 679.

When considering a motion to dismiss, the court must accept all factual allegations as true and construe the alleged facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). Further, a court liberally construes pleadings by self-represented plaintiffs. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). When reviewing a complaint to determine whether

2 – OPINION AND ORDER

it states a viable claim, Rule 12(b)(6) is read in conjunction with Rule 8(a). *Zixiang Li v. Kerry*, 710 F.3d 995, 998–99 (9th Cir. 2013).

## **DISCUSSION**

Defendant's Motion focuses on the form of the First Amended Complaint. Defendant first argues the Complaint must be dismissed because it violates Federal Rule of Civil Procedure 8(a). Mot. 3. Complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation omitted). Rule 8 may be violated not only when a pleading "says too little," but also "when a pleading says too much." *Knapp v. Hogan*, 738 F.3d 1106, 1108 (9th Cir. 2013). Pro se plaintiffs are not exempt from Rule 8. *See, e.g.*, *Monical v. Ex-Sheriff Mike Winters*, 2017 WL 11554412, at *2 (D. Or. Sept. 7, 2017).

Plaintiff's First Amended Complaint certainly contains extensive detail by way of background information, but is not unintelligible in the way Defendant asserts and does not violate Rule 8 to an extent that requires dismissal. The pleadings are not "needlessly long," nor are they "highly repetitious, or confused, or consist[] of incomprehensible rambling." *Cf. Cafasso, U.S. ex. rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citation omitted); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (affirming Rule 8 dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings"); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (affirming Rule 8 dismissal when "the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action"). Though the Court declines to dismiss the First Amended Complaint on this

3 – OPINION AND ORDER

basis here, should Plaintiff seek to further amend her pleadings, her amendment must align with the existing surviving claims, and must comply with Rule 8. *See United States v. Corinthian Colls.*, 655 F3d 984, 995 (9th Cir. 2011).

Defendant also argues that Plaintiff fails to identify causes of action. Mot. 4. The First Amended Complaint plainly identifies 42 U.S.C. § 2000e-3(a) and Or. Rev. Stat. § 659A.199 as the legal basis for its claims. To the extent Defendant casts the First Amended Complaint as relying on "various Oregon Administrative Rules" that lack a private right of action, Defendant is entitled to disregard such claims consistent with the Court's screening order, which set forth the limited claims that were minimally sufficient to survive screening—namely, retaliation under 42 U.S.C. § 2000e-3(a) and Or. Rev. Stat. § 659A.199. *See* ECF No. 13.

Finally, Defendant argues Plaintiff fails to allege facts supporting any causes of action. Mot. 4. Although Defendant is correct that the Court's screening order does not insulate the pleadings from a later motion to dismiss, here, Defendant provides scant argument to the effect that Plaintiff fails to state a claim. Defendant states, "Without separate, identified counts, the mix of facts, opinions, arguments, and regulatory violations makes it impossible for Defendant to identify what Plaintiff is claiming under specific claims and then properly defend itself." *Id.* As discussed, the First Amended Complaint is not deficient in this way. Despite Defendant's claim that Plaintiff "alleges no such facts" to support a claim under Or. Rev. Stat. § 659A.199, as the Court has observed upon screening, the First Amended Complaint contains at least *some* such facts. Defendant's blanket assertion to the contrary here, without more, does not require a different conclusion.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Dismiss for Failure to State a Claim

(ECF No. 21) is DENIED.

IT IS SO ORDERED.

DATED this 25th day of June 2026.

_s/Michael J. McShane_____
Michael J. McShane
United States District Judge